UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61687-CIV-LEIBOWITZ/MAYNARD

LANESHA MERLENA HIGGS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**THIS CAUSE** is before me upon Plaintiff's Unopposed Motion for Attorney Fees ("Motion"). DE 18. Presiding U.S. District Judge David S. Leibowitz has referred the Motion to me for a report and recommendation. DE 19. The Motion is brought under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and certifies that it is unopposed. DE 18. Having reviewed the record and being otherwise fully advised, I respectfully recommend that the Motion be **GRANTED** and Plaintiff be awarded **$7,300**[1] in attorney fees.

**I.    BACKGROUND**

On September 13, 2024, Plaintiff commenced this case by filing a Complaint under the Social Security Act seeking judicial review of Defendant's final decision denying her claim for disability benefits. DE 1. On November 8, 2024, Defendant filed a certified copy of the underlying

---

[1] According to the Motion, Plaintiff incurred attorneys' fees in the total amount of $7,485.12, however, the parties have reached an agreement. I recommend that Plaintiff be paid the reduced, agreed-upon amount of $7,300 in fees under the EAJA. DE 18-1 at 2–3.

administrative record.  DE 7.  On January 24, 2025, Plaintiff filed her motion for summary judgment.  DE 12.

On March 24, 2025, at Defendant's unopposed request, Judge Leibowitz issued an Order reversing and remanding this case for further proceedings under sentence four of 42 U.S.C. § 405(g).  DE 16, DE 17.  As the prevailing party, Plaintiff now seeks to recover **$7,300** in attorney fees for work performed on this case in federal court under the EAJA.[2]  The Motion certifies that Defendant does not oppose this request.  DE 18 at 2.

## II.     ANALYSIS

### A.     *Entitlement to EAJA Award of Attorney Fees*

Under the EAJA, "a court shall award to a prevailing party other than the United States" reasonable attorney fees "incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust.  28 U.S.C. § 2412(d).

A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993); *Ochoa v. Comm'r of Soc. Sec.*, 2020 WL 4208042, at *2 (S.D. Fla. July 22, 2020).  An EAJA request is timely if made within 30 days of

---

[2] Plaintiff cites entitlement to costs under 28 U.S.C. § 1304 once. DE 18 at 2.  This appears to be inadvertent error.  Given that Plaintiff does not otherwise argue for entitlement to costs or submit evidence of costs, I do not consider the Motion to include a request for costs.

the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and, if alleged, the Commissioner bears the burden to show that it was. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

The first four conditions are met here, and, as to the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Plaintiff prevailed because Judge Leibowitz ordered a sentence-four remand. Plaintiff's Motion has been timely filed within 90 days after the Order Remanding Case was entered. It is undisputed that Plaintiff's net worth was less than $2 million at the time she filed this case. The Motion asserts that the Commissioner's position was not substantially justified, and the Commissioner does not seek to show otherwise. *See Ochoa*, 2020 WL 4208042 at *2 (finding the second condition met under similar circumstances). The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Plaintiff is entitled to an EAJA award.

### B.     *Reasonableness of Attorney Fees Requested*

Having found that Plaintiff is entitled to an EAJA award, the only remaining issue is whether the requested amount is reasonable. The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step . . . is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "The second step, which is needed only if the market rate is greater than

[$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff's attorney of record is Eddy Pierre Pierre, Esq. Plaintiff seeks a total EAJA award of **$7,300** in attorney fees—to account for 27.26 billable hours of time spent by attorney Eddy Pierre Pierre[3] on this matter at an hourly rate of $255.03 and 5.33 hours spent by paralegals Stacy Cedeno and Jordan Runyan at an hourly rate of $100. DE 18-1 at 2–3. Plaintiff attached a time log to the Motion which contains a detailed breakdown of the tasks performed, the dates these tasks were performed, and how long it took to perform them, along with a supporting sworn affirmation signed by Mr. Pierre Pierre. DE 18-1, DE 18-2. I note that, according to the time records, the total amount of billable time spent on this case amounted to $7,485.12, *id.*; however, the parties have agreed to settle the EAJA attorney fees at $7,300. DE 18-1 at 3 ¶ 11.

Drawing upon my own knowledge and expertise in the award of attorney fees, I find that the hours spent are reasonable and that the hourly rates sought—which account for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—are in full accord with applicable statutory standards. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and

---

[3] The billing records attached to the Motion designate the "Brief Writer" as Melanie Williams, Esq., DE 18-2 at 1, but Eddy Pierre Pierre's affidavit states that the 27.26 hours of work for which compensation is sought was done by him. DE 18-1 at 2 ¶ 8.

may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). Mr. Pierre Pierre's time makes up the majority of time Plaintiff's counsel spent on this case. Mr. Pierre Pierre "has been practicing Social Security Disability law almost exclusively for over twenty years at the administrative and federal court levels of appeal." DE 18-1 at 2 ¶ 3. The time log reflects the attorney work that was performed in this case, which included reviewing the case before filing it, preparing the initial case documents (including with assistance from paralegal Jordan Runyan), corresponding with the client and opposing counsel, and preparing summary judgment briefing. DE 14-2 at 5. Upon independent review, I find that the reduced fee, agreed upon by the parties, is reasonable.

### C. *Assignment of Fees*

An EAJA award is to the party, not her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Plaintiff is eligible for an EAJA award and her requested amount is reasonable, I recommend granting the Motion and awarding Plaintiff the fees sought. Plaintiff has filed an assignment by Plaintiff of any fees awarded under EAJA to her attorney. DE 18-4. With such assignment in place, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel.

## III. CONCLUSION

Based on the foregoing, I respectfully **RECOMMEND** that Plaintiff's Motion, DE 18, be **GRANTED** and that Plaintiff be awarded attorney fees in the amount of **$7,300** under the EAJA, with this amount made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines whether Plaintiff owes any federal debt.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge David S. Leibowitz. Failure to file objections timely shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.3d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce in the Southern District of Florida, this 30th day of July, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE