UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61687-LEIBOWITZ/MAYNARD

**LANESHA MERLENA HIGGS,**
    *Plaintiff,*

v.

**COMMISSIONER OF SOCIAL SECURITY, FRANK BISIGNANO,** [1]
    *Defendants.*
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon United States Magistrate Judge Shaniek Mills Maynard's Report and Recommendation Regarding Plaintiff's Unopposed Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") [ECF No. 20] (the "R&R"), entered on July 30, 2025, recommending that Plaintiff's Motion for attorney's fees under the EAJA [ECF No. 18] be granted in the amount of $7,300.00. The undersigned referred the motion to Judge Maynard pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. [*See* ECF No. 19]. The Commissioner has filed a Notice of No Objection to the R&R. [ECF No. 21]. Having reviewed and considered the R&R, Plaintiff's unopposed Motion, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation [ECF No. 20] and **AFFIRMS** the recommendation on Plaintiff's Motion [ECF No. 18].

---

[1] *The Clerk* is DIRECTED to substitute Frank Bisignano as Defendant in this suit as set forth under Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d). Commissioner Bisignano took office on May 6, 2025. [*See* ECF No. 18 n.1]. No further action is required pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## EAJA ATTORNEY'S FEES IN SOCIAL SECURITY APPEALS

Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. EAJA, 28 U.S.C. § 2412(d). A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* EAJA, 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990) (citation omitted). An EAJA motion in a social security appeal must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160

(1990), and, if alleged, the Commissioner bears the burden to show that his position was substantially justified, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

## DISCUSSION

In the R&R, Judge Maynard found the first four conditions were met here, and, as to the fifth one, that no equitable consideration is apparent or presented that would make an EAJA award unjust. [ECF No. 20 at 3]. Plaintiff prevailed because the Court ordered a sentence-four remand; Plaintiff's Motion is timely; Plaintiff's net worth was less than $2 million when she filed the case; the Motion alleges the Commissioner's position was not substantially justified; and the Commissioner does not contend that this case presents a special circumstance, and none is apparent. [*Id.*]. Thus, the Court affirms Judge Maynard's finding that Plaintiff is entitled to an EAJA award.

Having found that Plaintiff is entitled to an EAJA award, Judge Maynard examined the reasonableness of the requested amount in fees, applying EAJA's "two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." [*Id.* at 3–4 (citing *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992))]. Here, Plaintiff is represented by attorney Eddy Pierre Pierre, Esq. Plaintiff seeks a total EAJA award of $7,300 in attorney fees—to account for 27.26 billable hours spent by Eddy Pierre Pierre at an hourly rate of $255.03 and 5.33 hours spent by paralegals Stacy Cedeno and Jordan Runyan at an hourly rate of $100.00. [ECF No. 20 at 4]. Judge Maynard found the hours spent and the hourly rates sought are reasonable, and the undersigned agrees. [*Id.*]. Mr. Pierre Pierre "has been practicing Social Security Disability law almost exclusively for over twenty years at the administrative and federal court levels of appeals." [*Id.* at 5 (quoting Eddy Pierre Pierre Affirmation, ECF No. 18-1 at 2 ¶ 3)]. Judge Maynard reviewed the time log submitted in support of the Motion and found the parties' agreed-upon amount of $7,300.00 to be reasonable in this case. Finding no error, the Court affirms the recommended EAJA award.

As Judge Maynard correctly points out, an EAJA award is to the party, not her attorney. [ECF No. 20 at 5 (citing *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010))]. Because Plaintiff is eligible for an EAJA award and her requested amount is reasonable, the Court grants the motion and awards her the fees and costs she seeks. Plaintiff has filed an assignment by Plaintiff of any fees awarded under EAJA to her attorney. [ECF No. 18-4]. With such assignment in place, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel.

## CONCLUSION

Based on the foregoing, and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [ECF No. 20] is ADOPTED AND AFFIRMED and fully incorporated herein.

2. Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the EAJA [**ECF No. 18**] is **GRANTED**. Plaintiff is hereby awarded **$7,300.00**, which shall be made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines whether Plaintiff owes any federal debt.

5. The Clerk is directed to CLOSE this case.

**DONE AND ORDERED** in the Southern District of Florida on August 7, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record